IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE E.T. MOORE, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | * |
| | * CIVIL ACTION NO. 24-00184-TFM-B |
| | * |
| CONTAINERPORT GROUP, INC., | * |
| *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiffs Willie E.T. Moore and Rebecca S. Moore's motion to remand (Doc. 13). The motion, which has been fully briefed, has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Plaintiffs' motion to remand be GRANTED.

**I. BACKGROUND**

This personal injury action arises from a September 2023 motor vehicle collision along Neshota Drive in Mobile, Alabama. (Doc. 1-1). On May 2, 2024, Plaintiffs Willie E.T. Moore ("Mr. Moore") and Rebecca S. Moore ("Ms. Moore") commenced this action by filing a complaint against Defendant ContainerPort Group, Inc.

("ContainerPort") and Defendant Clarence Smith, Jr. ("Smith") in the Circuit Court of Mobile County, Alabama.[1] (See id.).

The complaint alleges that on or around September 15, 2023, a tractor trailer owned by ContainerPort, and operated by its employee Smith, was traveling southbound on Neshota Drive when it "veered into the centerline of oncoming traffic and crashed into the vehicle driven by" Mr. Moore. (Doc. 1-1 at 5). Ms. Moore was a passenger in the vehicle. (Id.). The complaint states that "as a direct result" of the crash, Plaintiffs "were caused to suffer significant personal injuries and other damages." (Id. at 6). Plaintiffs assert claims against ContainerPort and Smith for negligence (id. at 7), and against ContainerPort for negligent hiring, retention, monitoring, supervision and/or training. (Id. at 8-9). For relief, Plaintiffs seek "compensatory damages in amounts deemed appropriate by the jury and sufficient to deter such conduct in the future, plus interest and costs."[2] (Id. at 7).

---

[1] Plaintiffs also sued several fictious defendants, "a practice which is allowed under the state procedural rules" but "is not generally recognized under the Federal Rules of Civil Procedure." Collins v. Fingerhut Companies, Inc., 117 F. Supp. 2d 1283, 1283 n.1 (S.D. Ala. 2000); see also 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

[2] The Court notes that only Count One (negligence) contains the phrase "sufficient to deter such conduct in the future." (See Doc. 1-1 at 7 & 9).

Defendants jointly removed this action to federal court on June 5, 2024. (See Doc. 1). In their Notice of Removal, Defendants assert that the Court has original diversity jurisdiction because the parties' citizenships are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. With respect to the amount in controversy, Defendants maintain that this action exceeds the jurisdictional threshold due to Plaintiffs' allegations that they sustained "significant personal injuries"; Plaintiffs' assertion in state court that the case is complex and request to remove the case from the state court's expedited case management schedule; and jury verdicts ranging from $250,000 to $1,335,000, in similar motor vehicle collision cases. (Id. at 7-9).

On June 14, 2024, Plaintiffs filed the instant motion to remand this action to state court. (Doc. 13). Plaintiffs do not dispute that the parties are citizens of different states; rather, they contend Defendants have failed to meet their burden of establishing the requisite amount in controversy. (See id.). Defendants filed a response in opposition to the motion to remand (Doc. 15), and Plaintiffs filed a reply (Doc. 16). Having been fully briefed, the motion to remand is ripe for resolution.

## II. LEGAL STANDARDS

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction."

Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id.

A defendant may remove a case from state to federal court if the case could have been brought in federal court in the first instance. See 28 U.S.C. § 1441(a). This includes actions where the federal court has jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity of citizenship between the plaintiff and defendant and an amount in controversy that exceeds $75,000, exclusive of interest and costs. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); 28 U.S.C. § 1332(a). The amount in controversy "is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014). When assessing the amount in controversy, courts may rely on their "judicial experience and common sense" in determining whether a claim exceeds $75,000.00. Roe v. Michelin N. Am., Inc., 613 F.3d

1058, 1064 (11th Cir. 2010). However, courts "may not speculate or divine 'by looking at the stars' the amount in controversy." Sullins v. Moreland, 511 F. Supp. 3d 1220, 1224 (M.D. Ala. 2021) (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753 (11th Cir. 2010)).

### III. DISCUSSION

As noted, the parties do not contest the existence of complete diversity of citizenship. Rather, Plaintiffs contend this action must be remanded because Defendants have failed to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (See Docs. 13, 16). Thus, the only issue for the Court to resolve is whether Defendants have met their burden.

In their Notice of Removal, Defendants rely on the following information to establish the amount in controversy:

> 1) Plaintiffs' motion in state court alleging that the case is complex and requesting that the case be removed from the expedited case docket;
>
> 2) The nature of Plaintiffs' allegations;
>
> 3) Jury verdicts in other cases involving similar allegations.

(See Doc. 1).

Prior to removal, Plaintiffs filed a motion in state court requesting that this case be removed from the Circuit Court's Expedited Case Management System due to the complexity of the case and the necessity for extra time to conduct discovery and prepare

5

for trial.  (See Doc. 1-2).  The motion does not contain a description of Plaintiffs' damages, or the injuries they sustained.  The motion is devoid of any information that sheds light on the amount in controversy in this case; thus, it is not a useful metric for assessing the amount in controversy.

The undersigned also finds that Plaintiffs' allegations that they suffered "significant personal injuries" as a result of the accident does not render it facially apparent that the amount in controversy exceeds $75,000.  The complaint does not address the physical injuries sustained, how severe or serious those injuries may be, or provide any facts from which the Court can infer a substantial amount of monetary damages have incurred.  Each count contains *ad damnum* clauses demanding judgment for "compensatory damages in amounts deemed appropriate by the jury . . . , plus interest and costs." (See Doc. 1-1 at 7 & 9).  Without information detailing Plaintiffs' injuries, the generalized allegations in the complaint "carry little weight[,]" because "'severe' injuries to one person could easily be only minor injuries to all others." Kilpatrick v. Testani, 2023 U.S. Dist. LEXIS 197844, at *11, 2023 WL 7287243, at *4 (N.D. Ala. Nov. 3, 2023) (quoting Kiddd-Hicks v. Bellemere Props., LLC, 2018 U.S. Dist. LEXIS 171720, at *5, 2018 WL 4840113, at *2 (N.D. Ala. Oct. 4, 2018)).

Indeed, it is well-settled that vaguely "'listing categories of damage does not satisfy' a removing defendant's burden of

establishing the amount in controversy." See Ralph v. Zaro Transp., LLC, 2021 U.S. Dist. LEXIS 86438, at *11-12, 2021 WL 2325338, at *5 (S.D. Ala. May 5, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 106184, 2021 WL 2323715 (S.D. Ala June 7, 2021) (quoting Robinson v. Clayton, 2012 U.S. Dist. LEXIS 171503, at *4, 2012 WL 6028940, at *2 (S.D. Ala. Dec. 3, 2012)); see also James v. Werner Enterprises, Inc., 2015 U.S. Dist. LEXIS 24641, at *13, 2015 WL 876492, at *5 (S.D. Ala. Feb. 2, 2015) (remanding action where "nonspecific allegations" that plaintiff was "bruised and contused," had been made "sick, sore, lame, and disabled;" and suffered cervical spine and neck injuries did not establish the amount in controversy); Lambeth v. Peterbilt Motors Co., 2012 U.S. Dist. LEXIS 67591, at *10, 2012 WL 1712692, at *3 (S.D. Ala. May 15, 2012) ("While the back injury is characterized as 'serious,' . . . . We simply do not know-or have any basis for inferring from the pleadings-anything about how severe, permanent, debilitating or painful the injury might be; how extensive, costly, or traumatic the course of treatment was, is or might be; or whether and to what extent the injury did, does or will constrain [plaintiff's] work or life activities."); Hill v. Toys "R" Us, Inc., 2010 U.S. Dist. LEXIS 100893, at *1-2, 2010 WL 3834532, at *1, *3 (S.D. Ala. Sept. 24, 2010) (remanding case for failure to prove the amount in controversy where the plaintiff alleged that she suffered back, neck, arm, and head injuries, that she had

7

experienced and continued to experience pain and suffering, emotional distress, and mental anguish, and that she had incurred ongoing medical expenses).

While it is certainly possible that Plaintiffs sustained serious and debilitating injuries from the collision, the Court simply cannot know the severity of, or the costs associated with such injuries without engaging in impermissible speculation. Compare Hickerson v. Enterprise Leasing Company of Georgia, LLC, 818 F. App'x 880, 883 (11th Cir. 2020) (finding case removable where plaintiffs identified $25,000 in ongoing medical bills and the complaint alleged permanent disfigurement, traumatic brain injuries, broken and fractured bones, and required surgery and hospitalization). In contrast to Hickerson, the complaint in the instant case contains no description of the bodily injuries, if any, suffered, suffered by Plaintiffs.

Likewise, Defendants' insistence that the Court look to jury awards[3] does nothing to aid the Court in ascertaining the amount

---

[3] See Abbott v. Mega Trucking, Case No. 2:20-CV-776, 2023 Federal Jury Verdicts Rptr. LEXIS 32 (M.D. Ala. Mar. 31, 2023) (where plaintiff suffered lumbar injury and required surgery to "repair a large herniated disk", jury awarded $1,335,000); Kennedy v. Oral Vaden Hamilton and Hamilton Trucking, Case No. 02-CV-2020-901224.00, 2021 Jury Verdicts LEXIS 12776 (Mobile County July 30, 2021) (where plaintiff alleged that he sustained severe permanent and personal injuries and incurred economic loss, jury awarded $940,000); Nodd v. Lovell Trucking, LLC, Case No. 02-CV-2018-902657, 2021 Jury Verdicts LEXIS 18858 (Mobile County Apr. 15, 2021) (where plaintiff suffered physical injuries, pain and suffering, harassment, inconvenience, annoyance, loss of quality

8

in controversy when the record is bereft of even the most basic description of Plaintiffs' damages. Absent any relevant information indicating Plaintiffs share similarities to other personal injury actions, it is impossible for the Court to draw a meaningful comparison without engaging in abject conjecture. See Lambeth, 2012 WL 1712692, at *5 ("Without knowing the nature and severity of his injuries, any attempt to formulate an analogy between [the instant plaintiff] and an injured plaintiff in another case who received damages greater than $75,000 is nothing more than gross speculation, guesswork and wishful thinking, none of which the Court can indulge."); Hill, 2010 U.S. Dist. LEXIS 100893, at *5, 2010 WL 3834532, at *2 ("Other verdicts are certainly inadequate to carry a removing defendant's burden when the defendant fails to provide details about the facts of the other cases, or when there is no 'specific detail about the present action,' or both.") (quoting Lowery, 483 F.3d at 1221); see also Pretka, 608 F.3d at 753 (stating that in Lowery, the defendants

---

of life, mental anguish, and incurred medical expenses, jury awarded $500,000); Meade v. Wright Transportation, Inc., Case No. 02-CV-2017-902315.00 (Mobile County Mar. 4, 2020) (following a chain reaction car collision, the plaintiff alleged permanent bodily injuries, loss of enjoyment of life, permanent physical impairment, disability, physical pain and suffering, mental and emotional injury and anguish, and incurred economic loss, the jury awarded $850,000); Gautreau v. Hollenquest, Case No. 02-1271, 2004 Jury Verdicts LEXIS 98732 (Jan. 10, 2004) (where the plaintiff alleged that car accident caused her shoulder injuries and exacerbated her dormant impingement syndrome condition, the jury awarded $250,000).

"failed to explain the facts of those other tort cases or link them to the facts of the <u>Lowery</u> case").

In sum, the undersigned finds that Defendants have failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. The record is devoid of information indicating the extent or severity of Plaintiffs' injuries, the impact that the injuries have had on Plaintiffs and the treatment required for the injuries. This lack of information hinders the Court's ability to determine, without engaging in speculation and guesswork, that the jurisdictional threshold is exceeded under the circumstances of this case. Because it is not readily deducible from Plaintiffs' complaint, Plaintiffs' state motion, and Defendants' Notice of Removal that the amount in controversy exceeded $75,000 at the time of removal, the Court finds that Defendants have not met their burden of establishing the existence of federal diversity jurisdiction. Accordingly, the undersigned finds that Plaintiffs' motion to remand should be granted.

## IV. <u>CONCLUSION</u>

For the reasons stated above, **it is recommended that Plaintiffs' motion to remand (Doc. 13) be GRANTED, and that this action be REMANDED to the Circuit Court of Mobile County, Alabama.**

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by

11

reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **September 2024.**

                                                 **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**